**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAFAEL BUSTOS-ALONSO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

Nos. 24-3749
      24-7387
      25-2515

Agency No.
A201-223-754

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Petitioner is a native and citizen of Mexico who arrived in the United States

in 1991 at the age of one. He was convicted of two domestic-violence crimes, and

the government initiated removal proceedings. Petitioner conceded that he was

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

removable because he entered the United States without admission or inspection. An immigration judge ("IJ") denied Petitioner's applications for asylum and withholding of removal because his crimes were particularly serious and denied relief under the Convention Against Torture ("CAT"). On Petitioner's pro se appeal, the Board of Immigration Appeals ("BIA") affirmed the denial of CAT relief and held that Petitioner had forfeited any challenge to the denial of asylum and withholding of removal. Thereafter, the state court vacated Petitioner's convictions because of constitutional errors. Petitioner sought reopening to apply for cancellation of removal. The BIA denied reopening and also denied Petitioner's separate request for reconsideration. Petitioner timely seeks review of all three of the BIA's decisions. We deny in part, dismiss in part, and grant in part the petitions. We remand for further proceedings.

1. When Petitioner appealed directly to the BIA, binding precedent rendered him ineligible for asylum. See United States v. Vasquez-Gonzalez, 901 F.3d 1060, 1065–68 (9th Cir. 2018) (holding that any conviction under California Penal Code section 245(a) constituted an aggravated felony for purposes of the immigration statutes); 8 U.S.C. § 1158(b)(2)(B)(i) (providing that anyone convicted of an aggravated felony has committed a particularly serious crime for the purpose of an asylum application); id. § 1158(b)(2)(A)(ii) (providing that anyone who has committed a particularly serious crime is ineligible for asylum). For that reason,

2

an appeal of the asylum ruling was futile, so a failure to exhaust is excused. Vasquez-Rodriguez v. Garland, 7 F.4th 888, 895–96 (9th Cir. 2021).

Petitioner's notice of appeal and brief to the BIA did raise a challenge, albeit indirectly, to the IJ's ruling on withholding of removal. Because Petitioner was pro se, we read the documents liberally, Santana-Gonzalez v. Bondi, 172 F.4th 736, 744 (9th Cir. 2026), and conclude that they sufficed to put the BIA on notice of the challenge, Bare v. Barr, 975 F.3d 952, 960 (9th Cir. 2020). Petitioner's brief to the BIA described at length the legal principles pertaining to withholding of removal, including the requirement that the agency consider all relevant factors, and Petitioner's notice of appeal to the BIA—which the BIA chose to consider— asserted that the IJ failed to consider adequately his mental health issues. See Gomez-Sanchez v. Sessions, 892 F.3d 985, 995–96 (9th Cir. 2018) (holding that mental health can be a relevant factor when considering whether a crime is "particularly serious"). Thus, the BIA erred when it ruled that Petitioner forfeited this challenge.

Before us, the government does not defend on the merits the IJ's ruling that Petitioner remains convicted of a particularly serious crime. See Vasquez-Rodriguez, 7 F.4th at 897 (considering the merits of the underlying issue, where exhaustion was excused due to futility). In United States v. Gomez, 165 F.4th 1199 (9th Cir. 2026) (en banc), we overruled Vasquez-Gonzales in a unanimous

3

decision, so the categorical bar as to asylum no longer applies. In addition, pursuant to California Penal Code section 1473.7(a)(1), a California state court vacated both of Petitioner's convictions due to procedural defects in the proceedings, so for immigration purposes he no longer appears to stand convicted of any crime. See Bent v. Garland, 115 F.4th 934, 940 (9th Cir. 2024) (holding that California Penal Code section 1473.7(a)(1) permits state courts to vacate a criminal conviction only "to address a substantive or procedural error that renders a conviction 'legally invalid'"); see generally Ballinas-Lucero v. Garland, 44 F.4th 1169, 1177–78 (9th Cir. 2022) (describing this court's longstanding rule that a conviction vacated due to procedural defects no longer qualifies as a conviction for immigration purposes).

We therefore grant the petitions with respect to the applications for asylum and withholding of removal, which on remand the agency must reconsider.

2. Substantial evidence supports the BIA's denial of CAT relief. See Ani v. Bondi, 155 F.4th 1118, 1126 (9th Cir. 2025) (stating the standard of review). The BIA permissibly concluded that Petitioner did not demonstrate a likelihood of future torture because the gang's threat to his father occurred more than thirty years earlier and because he likely could relocate safely elsewhere in Mexico. The BIA did not legally err in its analysis. Any legal error by the IJ is irrelevant because the BIA conducted its own analysis. Lopez v. Garland, 116 F.4th 1032,

4

1036 (9th Cir. 2024). And, contrary to the assertion by Petitioner before us, the BIA did consider the evidence pertaining to Petitioner's sister.

3. The BIA did not abuse its discretion or violate due process by denying Petitioner's first motion to reopen with respect to cancellation of removal. Martinez-Hernandez v. Holder, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam). Among other things, Petitioner failed to attach a completed application as required by 8 C.F.R. § 1003.2(c)(1). Nor did the BIA violate due process by declining to grant Petitioner's untimely request for 120 more days to perfect his motion to reopen. Yeghiazaryan v. Gonzales, 439 F.3d 994 (9th Cir. 2006), does not require a different result, because the request here was untimely.

4. The BIA did not abuse its discretion by denying the second motion to reopen or reconsider with respect to cancellation of removal. Before the BIA, Petitioner argued that the requisite level of hardship would result whether he brought his daughter with him to Mexico or whether she remained in the United States. The BIA held that Petitioner had not established a reasonable likelihood that an "exceptional and extremely unusual hardship" would result either way. 8 U.S.C. § 1229b(b)(1)(D). Petitioner does not challenge the ruling as to the first option, taking his daughter to Mexico. Accordingly, he cannot establish a reasonable likelihood of success if proceedings were reopened. Additionally, the BIA permissibly concluded that there was no reasonable likelihood that the

5

hardship to Petitioner's daughter would meet the high statutory bar for cancellation of removal even if she remains in the United States.  See Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1006 (9th Cir. 2025) ("[T]he hardship must be out of the ordinary and exceedingly uncommon.  It must deviate, in the extreme, from the norm.").

5.  In its two decisions denying reopening and reconsideration, the BIA cited and applied the correct legal principles and considered all relevant evidence. Therefore, we lack jurisdiction over Petitioner's challenge to the denial of sua sponte reopening.  Magana-Magana v. Bondi, 129 F.4th 557, 575 (9th Cir. 2025).

**PETITIONS GRANTED in part and CASES REMANDED for further proceedings with respect to asylum and withholding of removal; PETITIONS OTHERWISE DENIED in part and DISMISSED in part.**